UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
In re                                :
                                     :        05 CIV. 9817 (DLC)
      BILLY D. DOBBS, JR.,           :
                                     :
                    Debtor.          :        MEMORANDUM OPINION
                                     :             & ORDER
-------------------------------------         :
                                     :
                                     :
BILLY D. DOBBS, JR.                  :
                                     :
                    Appellant,       :
                                     :        ┌─────────────────────────────┐
      -v-                            :        │ USDC SDNY                   │
                                     :        │ DOCUMENT                    │
RICHARD MEHRLICH,                    :        │ ELECTRONICALLY FILED        │
                                     :        │ DOC #:                      │
                    Appellee.        :        │ DATE FILED: 7/20/06         │
                                     :        └─────────────────────────────┘
-------------------------------------X

DENISE COTE, District Judge:

      Appellant Billy D. Dobbs, Jr. ("Dobbs") brings this action

to reverse the August 4, 2005 order of Bankruptcy Judge Robert

D. Drain (the "Bankruptcy Court Order") deeming Dobbs's debt of

$751,462.50 plus interest to appellee Richard Mehrlich

("Mehrlich") non-dischargeable under 11 U.S.C. § 523(a)(2).

Section 523(a)(2) provides that a debtor may not escape

liability for a debt obtained by "false pretenses, a false

representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

Dobbs argues that in making his ruling, Judge Drain gave

improper collateral estoppel effect to an arbitrator's

determination that Dobbs had committed fraud. Mehrlich cross-

moves for an affirmance of the Bankruptcy Order. For the

reasons set forth below, the Bankruptcy Court Order is affirmed.

      The following summary of relevant events is taken from

Mehrlich's statement of facts, which Dobbs does not contest. In 1997, Mehrlich invested $2 million in Formula Fund L.L.C. ("Formula Fund"), a hedge fund managed by Dobbs. In 1998, Dobbs invested a portion of Formula Fund's assets in Amercon International Incorporated ("Amercon"), a company that manufactured aircraft parts. Dobbs served as the chairman of Amercon's board of directors. In late 1998, shares of Amercon, which were valued at $450 per share, represented 18% of Formula Fund's total portfolio. At the end of 1998 or early in 1999, Dobbs decided to revalue the Amercon shares to $2,950 per share. After the revaluation, which helped hide Formula Fund's other losses, Amercon shares represented more than 50% of the fund's assets.

Prior to the revaluation, Mehrlich had sent a withdrawal notice to Dobbs. Dobbs did not honor the request. In early 1999, Dobbs sent Mehrlich a quarterly report for Formula Fund, showing a loss of 0.96% for 1998, compared to a gain of 28.55% for the S&P 500 over the same period. On January 19, 1999, Dobbs telephoned Mehrlich and asked him not to withdraw his money from Formula Fund. In early February, Dobbs met with Mehrlich and made his case for Mehrlich to maintain his investment in the fund. He did not tell Mehrlich that Amercon stock represented more than half of Formula Fund's stated value; indeed, he did not mention Amercon at all. Mehrlich decided not to withdraw his capital at that time. When Mehrlich ultimately redeemed his investment, he received only $260,631.

On February 8, 2002, Mehrlich commenced arbitration against Dobbs. On December 1, 2003, before the proceedings had begun, Dobbs filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code. On November 17, 2004, the arbitrator issued an opinion concluding that Dobbs had committed common law fraud against Mehrlich. Mehrlich then moved Judge Drain to have his debt excepted from Dobbs's bankruptcy discharge under Section 523(a)(2). In granting Mehrlich's motion, Judge Drain gave collateral estoppel effect to the arbitrator's fact-finding, and concluded that Dobbs's actions constituted fraud under New York law.

## Discussion

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Rule 8013, Fed. R. Bankr. P. The court must review the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. In re Robert N. Kornfield, 164 F.3d 778, 783 (2d Cir. 1999). Here, Dobbs does not dispute any of Judge Drain's factual findings, nor does he contend that an arbitration decision cannot effect collateral estoppel.[1] In making this

---

[1] In any event, the Second Circuit has clearly held that an arbitration decision may be given collateral estoppel effect if the proponent can show with clarity and certainty that the same issues were resolved. Collateral estoppel is permissible as to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the

appeal, he argues simply that the arbitrator applied the wrong standard for fraud, and that Judge Drain erred in giving collateral estoppel effect to the arbitrator's flawed legal conclusion.[2]

Dobbs's argument is based on an obvious misreading of Judge Drain's opinion, which was delivered orally on July 7, 2005. Dobbs contends that Judge Drain adopted the reasoning of the arbitrator, who, in making his determination that fraud had been committed, referenced Dobbs's "fiduciary duty" to Mehrlich. Dobbs suggests that this reference amounted to the creation of "a new legal standard and obligation ... out of whole cloth." Judge Drain, however, explicitly disavowed any reliance on the arbitrator's suggestion that Dobbs owed Mehrlich a fiduciary duty, calling the mention "superfluous." Instead, Judge Drain gave collateral estoppel effect only to the facts found by the arbitrator. After discussing certain of the arbitrator's factual holdings, he drew his own legal conclusions:

> I find that [the factual] findings by the arbitrator do serve as a basis for the collateral estoppel under Section 523(a)(2)(A). ... Under New York law, actual

resolution of the issue was necessary to support a valid and final judgment on the merits.
Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005) (citation omitted).

[2] In his reply brief, Dobbs argues for the first time that the Bankruptcy Order should be reversed because Judge Drain did not make a finding that Mehrlich's reliance on Dobbs's purported fraud was the proximate cause of the losses. Arguments raised for the first time in a reply memorandum, however, will not be considered. See Cioffi v. Averill Park Central School Dist. Board of Ed., 444 F.3d 158, 169 (2d Cir. 2006); In re WorldCom Sec. Litig., 352 F. Supp. 2d 472, 494 n.32 (S.D.N.Y. 2005).

> fraud may be predicated not only upon an actual
> misrepresentation, but also a material omission. Such
> conduct may support a fraud cause of action if the
> omission was known to the defendant, made with the
> purpose of inducing the other party to rely on it, and
> the plaintiff has justifiably relied upon the omission
> and it has caused injury ... [T]he arbitrator's
> reference to a fiduciary duty by Mr. Dobbs on page 20
> as the arbitrator himself acknowledges is superfluous
> given the facts he outlines. <u>The real duty here</u> was
> Mr. Dobbs'[s] duty, having provided partial and
> incorrect information to give Mr. Mehrlich a full
> picture and not to omit material disclosure with regard
> to the funds['] investment in Americon and the
> valuation of Americon ... .

(Emphasis supplied.)

Dobbs concedes that "a finding of the elements of common law fraud may typically be given collateral estoppel effect under § 523." Furthermore, he does not point to any errors in Judge Drain's legal reasoning. To the extent he means to challenge the existence of a "duty to disclose," however, his argument fails, since New York courts have consistently held that fraud can be committed through omission. <u>See, e.g.</u>, <u>Gaidon v. Guardian Life Ins. Co.</u>, 94 N.Y.2d 330, 349 (1999).

## Conclusion

For the foregoing reasons, the Bankruptcy Court Order is affirmed.  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          July 20, 2006

                        _____
                              DENISE COTE
                        United States District Judge